## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSHUA OSHAUGHNESSY and MELISSA MURILLO**, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>**GREGORYS COFFEE MANAGEMENT LLC,** Defendant. | **No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Joshua Oshaughnessy and Melissa Murillo (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This action arises out of Gregorys Coffee Management LLC's ("Gregorys") failure to comply with the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law"), the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, the supporting New York State Department of Labor Regulations, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.      New York City passed the Fair Workweek Law to require fast food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.  Gregorys has violated the Fair Workweek Law by failing to provide predictable schedules with at least 14-days' notice, changing employees'

schedules at the last minute, requiring employees to work closing and opening shifts without at least 11 hours off in between, and failing to offer new shifts to current employees before hiring new employees.  *See* N.Y.C. Admin. Code § 20-1221-22; 20-1231; 20-1241.

3.    Gregorys violated the NYLL and the FLSA by requiring employees to work off-the-clock at the end and start of their shift to avoid having to pay overtime premiums.

4.    Finally, Gregorys violated the NYLL by failing to provide each employee with a statement with every payment of wages, listing the following: address and phone number of employer; and all rates of pay, including the Fair Workweek premiums, which Gregorys did not pay.  N.Y. Lab. Law § 195(3).

## THE PARTIES

### Plaintiffs

**Joshua Oshaughnessy**

5.    Joshua Oshaughnessy ("Oshaughnessy") is an adult individual who is a resident of New York, New York.

6.    Oshaughnessy was employed as a barista at the Gregorys located at 16 Court Street, Brooklyn, New York 11201 and 42 Broadway, New York, New York 10004, from approximately February 2019 through January 2020.

7.    Oshaughnessy is a covered employee within the meaning of the Fair Workweek Law, NYLL, and FLSA.

8.    A written consent form for Oshaughnessy is attached to this Complaint as Exhibit A.

9.    When Gregorys first hired Oshaughnessy, it did not provide him with a good faith estimate of the hours, dates, times, and locations of his expected regular schedule in violation of N.Y.C. Admin. Code § 20-1221(a).

10.     Gregorys regularly failed to provide Oshaughnessy with a written work schedule at least 14 days before the first day of each schedule in violation of N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).

11.     During Oshaughnessy's employment, Gregorys failed to post the schedule in the workplace and personally provide it to Oshaughnessy, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).

12.     During Oshaughnessy's employment, Gregorys regularly changed Oshaughnessy's schedule at the last minute and failed to pay him schedule change premiums in violations of N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b).

13.     On multiple occasions Gregorys required Oshaughnessy to work shifts spanning two calendar days and with less than 11 hours between the shifts ("clopening") without Oshaughnessy's consent and without paying Oshaughnessy $100 for each such shift worked. N.Y.C. Admin. Code § 20-1231; 6 R.C.N.Y. § 7-601(a).  For instance, approximately once a month, Oshaughnessy attended store meetings and deep cleanings until approximately 10 p.m. at night and opened the next day at approximately 6 a.m.  Gregorys did not get Oshaughnessy's consent and did not pay Oshaughnessy the $100 premium.

14.     Gregorys also failed to notify Oshaughnessy of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up, before hiring new employees in violation of N.Y.C. Admin. Code § 20-1241.

15.     Gregorys has a practice and policy of writing up employees whose hours exceed 40 in a workweek.  Because of this and with Gregorys' knowledge, when Oshaughnessy's weekly hours approached 40, he clocked out and continued working off-the-clock to avoid being disciplined.

16.     The paystub that Gregorys provided to Oshaughnessy did not include Gregorys's address and phone number; and all rates of pay, including the Fair Workweek premiums, which Gregorys did not pay.

**Melissa Murillo**

17.     Melissa Murillo ("Murillo") is an adult individual who is a resident of New York, New York.

18.     Murillo was employed as a barista at the Gregorys located at 16 Court Street, Brooklyn, New York 11201, 100 Wall St, New York, New York 10005, and 775 6th Ave, New York, NY 10001 from approximately April 29, 2019 through January 2020.

19.     Murillo is a covered employee within the meaning of the Fair Workweek Law, NYLL, and FLSA.

20.     A written consent form for Murillo is attached to this Complaint as Exhibit A.

21.     When Gregorys first hired Murillo, it did not provide them with a good faith estimate of the hours, dates, times, and locations of their expected regular schedule in violation of N.Y.C. Admin. Code § 20-1221(a).

22.     Gregorys regularly failed to provide Murillo with a written work schedule at least 14 days before the first day of each schedule in violation of N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).

23.     During Murillo's employment, Gregorys failed to post the schedule in the workplace and personally provide it to Murillo, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).

24.     During Murillo's employment, Gregorys regularly changed Murillo's schedule at the last minute and failed to pay them schedule change premiums in violations of N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b).

25.     On multiple occasions Gregorys required Murillo to work a clopening, without Murillo's consent and the without paying Murillo $100 for each such shift worked.  N.Y.C. Admin. Code § 20-1231; 6 R.C.N.Y. § 7-601(a).  For instance, approximately once a month, Murillo attended store meetings and deep cleanings until approximately 10 p.m. at night and opened the next day at approximately 6 a.m.  Gregorys did not get Murillos's consent and did not pay Murillo the $100 premium.

26.     Gregorys also failed to notify Murillo of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up, before hiring new employees in violation of N.Y.C. Admin. Code § 20-1241.

27.     Gregorys has a practice and policy of writing up employees whose hours exceed 40 in a workweek.  Because of this and with Gregorys' knowledge, when Murillo's weekly hours approached 40, they clocked out and continued working off-the-clock to avoid being disciplined.

28.     The paystub that Gregorys provided to Murillo did not include Gregorys's address and phone number; and all rates of pay, including the Fair Workweek premiums, which Gregorys did not pay.

**Defendant**

29.     Defendant Gregorys Coffee Management LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 263 West 38th Street, Suite 15E, New York, New York 10018.

30.     During all relevant times, Gregorys has been Plaintiffs' employer within the meaning of the Fair Workweek Law, NYLL, and FLSA.

31.     Gregorys is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

32.     At all times relevant hereto, Gregorys' annual dollar volume of business has exceeded $500,000.00 per year.

33.     Gregorys is a "fast food establishment" under the Fair Workweek Law because it is a limited-service establishment that is part of a chain with 30 or more establishments nationally, where patrons order or select food and drink items and pay before eating.  N.Y.C. Admin. Code § 20-1201.

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state and municipal law claims pursuant to 28 U.S.C. § 1367.

35.     Gregorys is subject to personal jurisdiction in New York.

36.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

37.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FAIR WORKWEEK LAW CLASS ALLEGATIONS

39.    Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil

Procedure, Plaintiffs bring this action on behalf of themselves and other current and former

employees.  The Fair Workweek Law Class that Plaintiffs seek to represent is defined as:

> All hourly employees employed by Gregorys in New York City at any
> time within two years prior to the filing date of this action through the date
> of final disposition.

40.    The proposed Fair Workweek Law Class is so numerous that joinder of all

members is impracticable.  During the relevant period, Gregorys has employed hundreds of

employees in New York City.

41.    The claims of Plaintiffs are typical of the members of the proposed Fair

Workweek Law class:

- **Good Faith Estimate**: Gregorys fails to provide each employee with a written good faith estimate of the hours, dates, times, and locations of the employee's expected regular work schedule ("good faith estimate"). N.Y.C. Admin. Code § 20-1221(a).  The employer must provide a good faith estimate to each employee on or before the employee's first day of work and whenever the employee's expected regular schedule changes. *Id.*

- **Advance Notice of Schedule**: Gregorys fails to provide each employee with a written work schedule at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).  Gregorys fails to post the schedule in the workplace and personally provided to each employee, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).  Gregorys also fails to provide employees with the new versions of the schedule within 24 hours of making the change.  *Id.* § 1221(c)(2).

- **Consent for Additional Hours**: Although Gregorys is permitted to add time to employees' schedules or ask them to work late, employees may decline to work additional time that was not included in their initial work schedules, and employers must obtain employees' written consent to work additional time.  N.Y.C. Admin. Code § 20-1221(d).  Employers must obtain employee consent to each unique schedule change; general or

ongoing consent is insufficient. 6 R.C.N.Y. § 7-606(a).  Gregorys does not obtain written consent when requiring employees to work additional time.

- **Schedule Change Premium Pay**: When Gregorys makes a change of more than 15 minutes to an employee's schedule with less than 14 days' notice, Gregorys must pay the employee a schedule change premium ("premium pay").  N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b).  The amount of premium pay owed is between $10 and $75 per schedule change, depending on how much advance notice the employee received, and whether the employer added or subtracted time from the work schedule. N.Y.C. Admin. Code § 20-1222(a).  Gregorys does not pay this premium pay to its employees.

- **Clopenings**: Gregorys cannot require employees to work shifts spanning two calendar days and with less than 11 hours between the shifts ("clopening"), unless the employee consents in writing to work a clopening and Gregorys pays the employee $100 for each such shift worked.  N.Y.C. Admin. Code § 20-1231; 6 R.C.N.Y. § 7-601(a).  Gregorys does not obtain consent from employees for clopening shifts and does not pay employees the $100 premium.

- **Access to Hours**: Gregorys must give current part-time employees the opportunity to work more shifts before hiring new employees.  When Gregorys has available shifts to assign, before hiring new employees it must notify current employees of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up.  N.Y.C. Admin. Code § 20-1241.  When an employee picks up a recurring shift under this procedure, Gregorys must add the shift to the employee's good faith estimate.  N.Y.C. Admin. Code § 20-1221(a).  Gregorys does not comply with these requirements.

- **Recordkeeping:**  Gregorys must maintain records that document its compliance with each of the above requirements of the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a).

42.     Each class member's claim is controlled by the Fair Workweek Law and one set of facts.  Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions.  Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all were subject to Gregorys' common policy and practice of violating the Fair Workweek Law.

43.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer.  The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation.  Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results.  Class certification will eliminate the need for duplicate litigation.

### FIRST CAUSE OF ACTION
**FLSA – Unpaid Wages**
**(Brought on behalf of Plaintiffs)**

44.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45.     Gregorys is required to pay Plaintiffs for all hours worked.

46.     Gregorys was required to pay Plaintiffs the applicable state minimum wage rates for all hours worked under 40 in a work week and one-and-one-half times the minimum wage for all work in excess of 40 hours per workweek.

47.     Gregorys required or knowingly permitted Plaintiffs to perform work off-the-clock and without compensation, depriving them of the minimum wage and overtime premiums.

48.     Gregorys' unlawful conduct, as described in this Complaint, has been willful and intentional.   Gregorys was aware or should have been aware that the practices described in this Complaint were unlawful.  Gregorys did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

49.     Because Gregorys' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

50.     As a result of Gregorys' willful violations of the FLSA, Plaintiffs have suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

51.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

52.     Gregorys is required to provide each new employee with a written good faith estimate no later than when a new employee receives his or her first work schedule.  N.Y.C. Admin. Code § 20-1221(a).

53.     Gregorys is also required to maintain records of the good faith estimates it provides to employees.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(2)(i).  A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

54.     Gregorys committed a violation of Section 20-1221(a) of the Fair Workweek Law each time it failed to provide a written good faith estimate to any employees hired to work in any New York City store.

55.     As a result of Gregorys' violations of Section 20-1221(a) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging

from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

56.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

57.     Gregorys is required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code § 20-1221(b).

58.     Gregorys is also required to maintain records of each written schedule provided to each employee.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii).  A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

59.     Gregorys committed a violation of Section 20-1221(b) of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 14 days in advance.

60.     As a result of Gregorys' violations of Section 20-1221(b) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
### Fair Workweek Law
### Failure to Provide Schedule Change Premiums
### (Brought on behalf of Plaintiffs and the Fair Workweek Class)

61.    Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

62.    Gregorys is required to provide employees with premium pay for changes it makes to employees' work schedules any time after the 14-day statutory schedule provision date. N.Y.C. Admin. Code § 20-1222(a).

63.    Gregorys is required to maintain records that show each written work schedule provided to each employee, each employee's actual hours worked, and the amounts of premium pay provided to employees whose work schedules are changed by Gregorys with less than 14 days' notice.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1) and 609(a)(2)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

64.    Gregorys committed a unique violation of Section 20-1222(a) of the Fair Workweek Law each time it failed to pay required schedule change premiums to fast food employees whose work schedules it changed with less than 14 days' notice.

65.    As a result of Gregorys' violations of Section 20-1222(a) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### Fair Workweek Law
### Failure to Obtain Written Consent and Provide Premium Pay for Clopenings
### (Brought on behalf of Plaintiffs and the Fair Workweek Class)

66.    Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

67.    Gregorys is prohibited from requiring fast food employees to work clopenings, unless the employee provides written consent, and Gregorys provides $100 in premium pay, to work the clopening.  N.Y.C. Admin. Code § 20-1231.

68.    For required clopenings, Gregorys is required to maintain records showing that it obtained written consent from the employee, and records of premium pay that it provided to the employee.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1)(ii) and 609 (a)(2)(ii).

69.    A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

70.    Gregorys committed a violation of Section 20-1231 of the Fair Workweek Law each time it failed to obtain written consent from an employee who worked a clopening.

71.    Gregorys committed a violation of Section 20-1231 of the Fair Workweek Law each time it failed to pay $100 in premium pay to an employee who worked a clopening.

72.    As a result of Gregorys' violations of Section 20-1231 of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class are entitled to: (1) an order directing compliance; (2) unpaid premiums of $100 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

73.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

74.     Gregorys is required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees.  N.Y.C. Admin. Code § 20-1241.

75.     Gregorys is required to maintain records that document its compliance with the Fair Workweek Law for three years.  N.Y.C. Admin. Code § 20-1206(a).  A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

76.     Gregorys committed a unique violation of Section 20-1241 of the Fair Workweek Law each time it failed to offer a current employee the shifts it subsequently offered to a new hire in the same Gregorys location.

77.     As a result of Gregorys' violations of Section 20-1241 of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class are entitled to: (1) an order directing compliance; (2) compensatory damages and any other relief required to make the employee whole; and (3) reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
**NYLL – Unpaid Wages**
**(Brought on behalf of the Plaintiffs)**

78.     Plaintiffs, on behalf of themselves, reallege and incorporate by reference all allegations in all preceding paragraphs.

79.     Gregorys failed to pay the Plaintiffs the proper wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

80.     Through their knowing or intentional failure to pay Plaintiffs wages for all hours worked, Gregorys willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

81.     Due to Gregorys willful violations of the NYLL, the Plaintiffs are entitled to recover from Gregorys their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of the Plaintiffs)**

82.     Plaintiffs, on behalf of themselves, reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     Gregorys has willfully failed to supply the Plaintiffs with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the address and phone number of the employer; and rate or rates of pay and basis thereof.

84.     Through their knowing or intentional failure to provide the New York Plaintiffs with the accurate wage statements required by the NYLL, Gregorys has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

85.     Due to Gregorys' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of $250 for each workweek that Gregorys failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated

persons, respectfully request that this Court grant the following relief:

A.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL and Fair Workweek Law;

B.      An award of unpaid wages and damages, according to proof, including liquidated damages;

C.      Certification of this case as a class action pursuant to Rule 23;

D.      Designation of Plaintiffs as representatives of the Fair Workweek Class, and counsel of record as Class Counsel;

E.      Unpaid schedule change premiums;

F.      Unpaid clopening premiums;

G.      Compensatory damages and any other relief required to make the employee whole;

H.      Statutory penalties of $250 for each workweek that Gregorys failed to provide the Plaintiffs with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

I.      Appropriate equitable and injunctive relief to remedy Gregorys' violation of NYLL, including but not limited to an order enjoining Gregorys from continuing its unlawful practices;

J.      Penalties, as provided by law;

K.      Reasonable service awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so;

L.      Attorneys' fees and costs of action incurred herein, including expert fees;

M.     Pre-judgment and post-judgment interest, as provided by law; and

N.     Such other legal and equitable relief as this Court deems necessary, just, and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.


Dated: July 23, 2021                              Respectfully submitted,

                                                  */s/ Sally J. Abrahsmon*

                                                  Sally J. Abrahamson
                                                  sabrahamson@flsalaw.com
                                                  **Werman Salas P.C.**
                                                  335 18th Pl NE
                                                  Washington, D.C. 20002
                                                  Phone No.: (202)744-1407
                                                  Fax No.: (312) 419-1025

                                                  Douglas M. Werman*
                                                  Maureen A. Salas*
                                                  msalas@flsalaw.com
                                                  dwerman@flsalaw.com
                                                  **Werman Salas P.C.**
                                                  77 W. Washington Street, Suite 1402
                                                  Chicago, Illinois 60602
                                                  Phone No.: (312) 419-1008
                                                  Fax No.: (312) 419-1025

                                                  *Attorneys for Plaintiffs and the Putative Rule 23 Class*

                                                  *Pro hac vice* application forthcoming